IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 0 2008

Michael N. Milby, Clerk of Cou...
By Deputy Clerk ⎯⎯⎯⎯

| | | |
|---|---|---|
| ARMANDO PIZANA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-08-97 |
| CITY OF BROWNSVILLE, TEXAS, | § § § | |
| Defendant. | § § | |

## OPINION & ORDER

BE IT REMEMBERED that on June 10, 2008, the Court **GRANTED in part** and **DENIED in part** Defendant City of Brownsville's Motion to Dismiss, Dkt. No. 2. The Court considered Defendant's Motion and Plaintiff's Original Petition, Dkt. No. 1, Ex. 2. Plaintiff did not respond to Defendant's Motion despite having received the Notice of Removal and Motion to Dismiss. Dkt. No. 7, Ex. 1, 2.

I.      **Background**

Plaintiff Armando Pizana initiated this suit in the 103rd Judicial District Court of Cameron County, Texas on February 8, 2008. Dkt. No. 1, Ex. 2. Plaintiff alleges two general causes of action, negligence pursuant to the Texas Civil Practice and Remedies Code, § 101.021, and deprivation of rights under color of law pursuant to 42 U.S.C. § 1983. *Id.* at 1, 2.

Plaintiff alleges that while walking down Limas Street in Brownsville, Texas on February 8, 2006, three Brownsville Police tackled him to the ground. *Id.* at 3. One officer repeatedly punched Plaintiff in his stomach with a clenched fist, and then the officers arrested and handcuffed Plaintiff and placed him in a patrol car. *Id.* at 5. At that time, Plaintiff complained of severe pain. *Id.* An ambulance arrived and medics cleaned

-1-

superficial wounds, but left Plaintiff in the officers' custody. *Id.* Plaintiff further states that while the officers drove him to the police station for booking, the officers were informed that Plaintiff was not the suspect they sought. *Id.* Plaintiff continued to request medical attention, and eventually the officers changed direction and took Plaintiff to the emergency room. *Id.* at 4, 5. Plaintiff remained in handcuffs until a physician examined Plaintiff and informed the officers that Plaintiff required hospitalization. *Id.* at 5. Plaintiff further alleges that he underwent surgery because of injuries inflicted by the officers and suffered continued physical pain and suffering and mental anguish as a direct result of the officers' actions. *Id.* at 5, 6.

## II.    Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242, 247(5th Cir. 1997) (quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See* Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *See also* Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted). Essentially, "the complaint must contain either direct

allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995).

A plaintiff filing a § 1983 claim is not required to plead with heightened specificity. Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (rejecting the Fifth Circuit's heightened pleading requirement for § 1983 claims against municipalities). Added specificity requirements may be useful for claims under § 1983; however, absent an amendment to the Federal Rules of Civil Procedure, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." Id. at 168-69.

## III.   Negligence

Plaintiff alleges that he may properly sue Defendant for negligence as sovereign immunity was waived under §§ 101.021, 101.025 of the Texas Civil Practices and Remedies Code. Dkt. No. 1, Ex. 2 at 8.

> A governmental unit in the state is liable for: (1) . . . personal injury . . . proximately caused by the wrongful act or . . . or the negligence of an employee acting within his scope of employment if: (A) . . . personal injury, . . . arises from the operation or use of a motor-driven vehicle . . . and (2) personal injury . . . so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

CIV. PRAC. & REM. CODE § 101.021 (Vernon 2005) (emphasis added). Plaintiff asserts that because he was transported in a police vehicle and during that time was "wrongfully detained and prevented . . . from receiving immediate and necessary medical attention" his injuries were aggravated. Dkt. No. 1, Ex. 2 at 8. Plaintiff reasons that because the police car, a motor vehicle owned by Defendant was used in Plaintiff's detention, § 101.021 applies and Defendant's sovereign immunity is waived. Id.

This Court disagrees. Texas law does not waive sovereign immunity where a vehicle is used tangentially and does not directly cause injury. City of Orange v. Jackson, 927 S.W.2d 784, 786 (Tex. App. 1996). In Jackson, a woman was arrested, transported

to jail, and then died while in police custody. *Id.* at 785. Appellee, suing on behalf of the decedent, argued that the use of handcuffs and the police car waived the city's immunity and that the squad car was misused when the decedent was taken to the jail and not the hospital. *Id.* at 785, 787. The Texas appellate court reasoned that the handcuffs and vehicle did not cause the decedent's death. *Id.* at 786. Failure to drive decedent to a medical facility was not the result of improper use or operation of a police vehicle and therefore, the city's sovereign immunity was not waived. *Id.* at 787.

Moreover, in another Texas appellate decision, a police officer sexually assaulted a female victim in the city's police car. Holder v. Mellon Mortgage Co. and City of Houston, 954 S.W.2d 786, 787 (Tex. App. 1997), *rev'd on other grounds*, 5 S.W.3d 654 (Tex. 1999). The appellate court reasoned that the vehicle was not the "direct device" that caused the victim's injury and therefore sovereign immunity was not waived. *Id.* at 807-08.

As in *Jackson*, the vehicle at issue in the instant was merely used for transportation and did not cause the injuries. As explained in *Holder*, the vehicle must directly cause the injuries, and in this case such circumstances are absent. Therefore, § 101.021 of the Texas Civil Practices and Remedies Code does not waive sovereign immunity for the City of Brownsville. The negligence claim pursuant to §§ 101.021, 101.025 is dismissed.

## IV. § 1983

Plaintiff alleges a claim for deprivation of rights pursuant to § 1983 for violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Dkt. No. 1, Ex. 2 at 10. Plaintiff states that Defendant's officers used unreasonable force on Plaintiff, punished Plaintiff without the benefit of trial, unreasonably restrained Plaintiff, and deprived Plaintiff of his liberty to seek and receive necessary medical treatment. *Id.* at 10-11. Plaintiff further asserts that Defendant failed to properly supervise and train its police officers and failed to enforce state and federal laws, and that these omissions caused Plaintiff's injuries. *Id.* at 11.

When a plaintiff asserts a claim under § 1983 against a municipality, a court must determine "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." Collins v. City of Harker Heights, Tex.,

503 U.S. 115, 120 (1992).  A municipality is not liable under a *respondeat superior* theory, rather a plaintiff must allege that the action is pursuant to the municipality's official policy, custom or practice.  Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 691, 694 (1978); Williams v. Kaufman Co., 352 F.3d 994, 1013 (5th Cir. 2003); Fields v. City of S. Houston, 922 F.2d 1183, 1191-92 (5th Cir. 1991).  "To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation."  Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996).

### A. *Fourth Amendment*

Plaintiff's § 1983 claim for a Fourth Amendment violation against Defendant, a municipality, must allege facts which establish that because of Defendant's policy, custom or practice Plaintiff was seized and subsequently "suffered (1) an injury that (2) resulted directly and only from the force that was excessive to the need and that (3) the force was objectively unreasonable."  Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004). A person is seized when "by means of physical force or show of authority, [an officer] has in some way restrained the liberty of a citizen."  Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968). An cognizable injury under an excessive force claim requires that a plaintiff has suffered a physical injury that is more than mere bruising.  *Flores*, 381 F.3d at 397-98.  A court assesses whether the seizure was reasonable by looking at the totality of the circumstances and balancing the force used and the need for force.  *Id.* at 398-99.

Plaintiff alleges that while walking down the street, three officers tackled him, then they helped him up and held him while one of them punched him multiple times in the stomach.  Dkt. No. 1, Ex. 2 at 3-4.  Plaintiff states that his leg and hip were injured when he was tackled.  *Id.* at 4.  In fact, Plaintiff indicates that these injuries were so severe that he had to have surgery.  *Id.* at 5.  Plaintiff asserts that these actions and these alone directly caused his injuries.  *Id.*

-5-

Plaintiff, however, does not allege that Defendant had a policy, custom, or practice relevant to this alleged Fourth Amendment violation. *Id.* at 11. Plaintiff did not respond to the instant motion to dismiss and therefore did not address this issue mentioned by Defendant in its motion. Dkt. No. 2, at 2-4. When alleging that Defendant failed to supervise and train its employees, Plaintiff only listed violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.* Plaintiff specifically stated that the constitutional rights "includ[ed] but [were] not limited to" those he listed. *Id.* Such language does not save his Fourth Amendment claim against Defendant. While courts have rejected a heightened specificity requirement for § 1983 claims against municipalities, Plaintiff must state the constitutional violations which underlie his claim against Defendant. Plaintiff failed to plead facts which would subject Defendant to liability, even though Plaintiff alleged a Fourth Amendment violation. Therefore, this Court dismisses the § 1983 claim for a Fourth Amendment violation.

### B. Fifth Amendment

Violations of the Fifth Amendment are actionable only when committed by federal actors. Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, *13 n.4 (5th Cir. 2002) (unpublished); Knoetze v. U.S., Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981); Gaston v. Houston Co., Texas, 202 F. Supp. 2d 564, 571 (E.D. Tex. 2001). Plaintiff alleges that he was twice deprived of his liberty by Defendant's employees, state actors, in violation of substantive due process under the Fifth Amendment. Dkt. No. 1, Ex. 2 at 10-11. Plaintiff may not pursue a § 1983 claim based on a Fifth Amendment violation by state actors. Therefore, this Court dismisses the § 1983 claims for a Fifth Amendment violation.

### C. Sixth Amendment

The Sixth Amendment protections attaches when adversarial proceedings commence. Pederson v. City of Haltom City, 108 Fed. Appx. 845, 848 (5th Cir. 2004) (indicating that a person being confined in the county jail for twenty-eight days without being interrogated did not have a Sixth Amendment right to counsel); Burkett v. City of El Paso, 513 F. Supp. 2d 800, 813 (W.D. Tex. 2007). Plaintiff alleges his Sixth Amendment

rights were violated when Defendant's employees subjected him to punishment. Dkt. No. 1, Ex. 2 at 10. However, Plaintiff does not state that he was charged with any crime or arraigned. While police officers detained Plaintiff, his Sixth Amendment protections had not yet attached. Therefore, this Court dismisses the § 1983 claim for a Sixth Amendment violation.

### D. Eighth Amendment

Eighth Amendment protections attach after conviction and sentence. Graham v. Connor, 490 U.S. 386, 392 n.6(1989); Johnson v. City of Dallas, Tex., 61 F.3d 442, 444 n.5 (5th Cir. 1995) ("It is . . . evident that the state does not incur Eighth Amendment liability even where injury occurs as the result of official conduct, unless the individual was being held in custody after criminal conviction."). As mentioned above, Plaintiff was not charged with or convicted of a crime at the time of the conduct of which he complains. Dkt. No. 1, Ex. 2 at 3-5. Therefore, no Eighth Amendment protections attached. This Court dismisses the § 1983 claim for an Eighth Amendment violation.

### E. Fourteenth Amendment

"Section 1983 extends protection to all rights guaranteed by the Fourteenth Amendment." Energy Management Corp. v. City of Shreveport, 467 F.3d 471, 481 (5th Cir. 2006). Plaintiff essentially alleges a state-created danger theory based on Defendant deliberate indifference to Plaintiff's rights. Dkt. No. 1, Ex. 2 at 11. Plaintiff asserts that Defendant created a serious risk of harm by failing to "properly supervise and train its police officers" and failing to enforce state and federal law. Id.

Defendant challenges these allegations by stating that Plaintiff must allege and prove specific facts that would establish a policy, practice or custom under § 1983. Dkt. No. 2, at 3. In support, Defendant cites a Fifth Circuit case abrogated by the Supreme Court regarding the very legal issue Defendant addresses. Id. (citing Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985), abrogated by Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993).

In 1993, the Supreme Court addressed the discovery issues for plaintiffs bringing claims under § 1983 and explicitly rejected "a more demanding rule for pleading a complaint under § 1983 than for pleading other kinds of claims for relief." *Leatherman*, 507 U.S. at 167.  The Court explained that the Federal Rules of Civil Procedure do not require heightened specificity for pleadings alleging municipality liability under § 1983, and therefore, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.* at 168-69. Therefore, Plaintiff's claim against Defendant for § 1983 state-created danger claim based on a Fourteenth Amendment violation survives Defendant's 12(b)(6) motion to dismiss.

## V.    Conclusion

WHEREFORE, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss. Dkt. No. 2. Only Plaintiff's § 1983 state-created danger claim for a Fourteenth Amendment violation remains.

DONE at Brownsville, Texas, on June 10, 2008.

Hilda G. Tagle
United States District Judge